UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

                                                Case No. 04-cr-257-pp

v.

FREDRICT J. SANDERS,

        Defendant.

---

**ORDER DENYING MOTION FOR RESENTENCING OR MODIFICATION OF SENTENCE PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 18 U.S.C. §3582(C)(2) AND 28 U.S.C. §2255(C) (DKT. NO. 38)**

---

On July 20, 2011, Judge Charles N. Clevert, Jr. revoked the defendant's supervised release, and sentenced him to serve twenty-four months in custody, consecutive to the sentence imposed by the Milwaukee County Circuit Court in Case No. 2010CF001806. Dkt. No. 31. The government had recommended that the court impose the revocation sentence to run consecutively to the state-court sentence, while the defendant's attorney asked Judge Clevert to impose the sentence to run concurrently. Id. at 2. Judge Clevert adopted the government's recommendation. The court entered the revocation judgment on July 22, 2011. Dkt. No. 32. (It entered an amended judgment three days later, correctly identifying the prosecutor who had participated in the revocation hearing. Dkt. No. 33.)

Fourteen months later, the defendant sent Judge Clevert a letter, asking him to credit the two months the defendant had spent in a halfway house

(Genesis) prior to revocation against his two-year revocation sentence. Dkt. No. 36. Judge Clevert responded that he could not credit the time the defendant spent at Genesis against his revocation sentence. Dkt. No. 27.

On November 2, 2017, the court received the current motion from the plaintiff. Dkt. No. 38. The court[1] regrets that it has taken so long for it to address the motion. The court is aware that the defendant has written the court on several occasions, asking why he has not heard anything. Unfortunately, this motion did not come to the court's attention until recently. The court apologizes to the defendant for the delay.

The defendant asks the court to modify his sentence, to require that it be served concurrently with his state sentence. Id. at 4-5. In the alternative, he asks the court to hold a hearing on his motion. Id. at 5. The court will deny the motion.

Judge Clevert sentenced the defendant six and a half years ago. Fed. R. Crim. P. 35(a) allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days of the date it imposed the sentence. That deadline has long passed.

Fed. R. Crim. P. 36 allows a court to correct a "clerical error in a judgment [or] order" at any time. But the defendant is not alleging that Judge Clevert made a clerical error. Rather, he argues that Judge Clevert failed to adequately explain why he imposed the sentence to run consecutively, and

---

[1] This case is now assigned to Judge Pepper, because Judge Clevert retired two years ago.

says that Judge Clevert had no "justifiable reason" for imposing a consecutive sentence. Dkt. No. 38 at 3-4.

The defendant cites 18 U.S.C. §3582(c)(2) in his motion. That statute says that a court *may not* modify a term of imprisonment once it has imposed it unless (a) the director of the Bureau of Prisons asks it to for "extraordinary and compelling reasons" or compassionate reasons based on age, (b) a statute or Fed. R. Crim. P. 35 authorizes the reduction, or (c) the Sentencing Commission has lowered the sentencing range for the defendant's offense. None of those conditions is present here. The director of the BOP has not filed a motion asking the court to reduce the defendant's sentence. No statute authorizes the reduction, and as the court has noted, the Rule 35 deadline has passed. The Sentencing Commission has not changed the revocation guidelines applicable to the defendant. The defendant cited two Tenth Circuit decisions, United States v. Green, 405 F.3d 1180, 1188 n.8 (10th Cir. 2005), and United States v. Corber, 596 F.3d 763 (10th Cir. 2010), for the proposition that the court has the authority to reduce a defendant's sentence if the reduction is consistent with Sentencing Commission policy statements. Dkt. No. 38 at 4. Green does not say that. It listed the three bases for modifying a sentence listed in §3582, and found that they did not apply. Green, 405 F.3d at 1184. Corber considered whether the Sentencing Commission had changed the defendant's applicable guideline range, determining that it had not. Corber, 596 F.3d at 766. Even if these cases *did* say what the defendant claims they said, they are not binding

on this court. This court is located in the Seventh Circuit, which means it is only bound by decisions issued by the Seventh Circuit.

The defendant also cites 28 U.S.C. §2255(c). Dkt. No. 38 at 1. Section 2255 of Title 28 is the federal *habeas corpus* statute; it allows a prisoner in federal custody to ask the court to vacate, set aside or correct a sentence on the ground that the sentence "was imposed in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. §2255(a). The defendant argues that under United States v. Simms, 626 F.3d 966 (7th Cir. 2010), Judge Clevert's decision to impose the revocation sentence consecutively to the state court sentence was unlawful, because he did not adequately explain it. Dkt. No. 38 at 2.

The defendant cannot seek relief under §2255, even if he is arguing that the sentence Judge Clevert imposed violated the laws of the United States. At the time he filed his motion, the defendant was still in state custody. Only a defendant in *federal* custody can file a petition under §2255. The defendant's status has changed—he now is in USP Marion, a federal correctional facility. Dkt. No. 43. But the defendant filed his request too late. Section 2255(f)(1) requires a defendant to file his petition within one year of the date on which his conviction became final. Judge Clevert entered the amended judgment on July 25, 2011. Under Fed. R. App. P. 4(b)(1), the defendant had fourteen days to file his notice of appeal from that sentence. He did not appeal, so his sentence became "final" for the purposes of §2255(f)(1) on August 8, 2011. That deadline has long passed, and the court cannot extend it.

4

Finally, the court notes that the defendant's reliance on the <u>Simms</u> case is misplaced. The Seventh Circuit did not specifically find that the defendant needed to be resentenced because the sentencing judge had not adequately explained his decision. The Seventh Circuit found that the reason the judge gave for imposing a consecutive revocation sentence—to make sure the defendant served a significant sentence even if he won some of his arguments on appeal—was illogical. <u>Simms</u>, 626 F.3d at 972.

The court **DENIES** the defendant's motion for resentencing or modification of sentence. Dkt. No. 38.

Dated in Milwaukee, Wisconsin this 6th day of March, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**